FILED
United States Court of Appeals
Tenth Circuit

December 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN TRUJILLO,

      Petitioner - Appellant,

v.

LOU ARCHULETA; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 15-1326
(D.C. No. 1:15-CV-01061-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

      John Trujillo, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal from the district court's determination that his most

recent 28 U.S.C. § 2254 application is an unauthorized second or successive § 2254

application that it lacked jurisdiction to consider. *See* 28 U.S.C. § 2253(c)(1)(A).

We deny a COA and dismiss this matter.

      Mr. Trujillo was convicted of first degree murder in 1995. He filed his first

§ 2254 habeas action in 2004, which was dismissed for lack of merit. Most recently,

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he filed another § 2254 action that was dismissed by the district court for lack of jurisdiction. *Trujillo v. Archuleta*, No. 15-CV-1061-LTB, slip op. at 4 (D. Colo. Aug. 14, 2015). The court recognized that Mr. Trujillo had not obtained authorization from this court to file a second or successive application and his application should either be dismissed for lack or jurisdiction or transferred to this court. The court examined Mr. Trujillo's claim that a secret plea agreement between the prosecution and the key witnesses against him at trial allegedly tainted his conviction and concluded the claim lacked merit. *See* § 2244(b)(2)(A),(B) (requiring a second or successive applicant to demonstrate that his claim is based on either a new rule of constitutional law or newly discovered evidence that establishes by clear and convincing evidence that he is not guilty). It thus declined to transfer the application to this court. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (one factor to consider in deciding whether to transfer an action is whether the claim is likely to have merit).

To obtain a COA, Mr. Trujillo must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not debate the district court's decision to dismiss.

- 2 -

We deny a COA and dismiss this matter. We grant Mr. Trujillo's motion to proceed *in forma pauperis* without prepayment of costs or fees and remind him that he is obligated to make monthly payments until the filing and docket fees are paid in full.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk